## GRAHAM & BUCKINGHAM v. FIREMEN'S INS. CO.

### (No. 6,869.)

1. It is essential to a recovery upon a policy of insurance, that the party insured should have an interest in the property, both at the time when the insurance is made, and when the loss happens. This interest need not be PERSONAL: it may be as AGENT or TRUSTEE, but it must exist in some form or other.
2. Where the terms of a policy are clear, they can not be varied by proof, or explained by averment in pleading: if the terms are not clear, extrinsic evidence, consistent therewith, may be received to explain the policy.
3. Upon a showing of fraud or mistake, the insured will be entitled to have the agreement reformed and properly enforced.

SPECIAL TERM.—On demurrer to petition. Suit on a policy of insurance. The petition sets forth that on the 1st of December, 1856, the defendants executed and delivered an open policy of insurance, whereby they undertook to insure John Bond, in such sums as might be specified by application, from and to any place mutually agreed upon and *indorsed upon said policy*, "against all perils of the rivers," etc. That

afterward, "on the 13th day of December, 1856, the said Bond acting for and as the agent of the plaintiffs, and for their use and benefit, made application to the defendants for insurance under said policy, for the benefit of the plaintiffs, in the sum of seventy-eight hundred and sixty-five dollars ($7,865), on 1,300 barrels of flour; and in the sum of $1,930 on 1,469 sacks of oats; and in the sum of $220 on 20 kegs of butter, from Cincinnati to New Orleans, to be shipped and put on board the flat-boat 'Sea,' to be transported by her from Cincinnati to New Orleans; and thereupon, on the same day, in consideration of the sum of $297, to be paid to the defendants as a premium for said insurance, agreed to take the same for the benefit of said plaintiffs, and to cause them to be so insured by and under said open policy, and in case of loss to pay such loss to *them*, and to indorse said risk and insurance on said policy, in such form that said plaintiffs should be thereby and therein insured in the amounts and on the property in the flat-boat, and for the voyage aforesaid; and the defendants, thereupon, did indorse on said policy the said risk and insurance, in the words and figures following, viz:

"1856, Dec. 13.  $7,865 (seven thousand eight hundred and sixty five dollars) on 1,300 barrels of flour, hence to New Orleans—$196 62.  $1,930 (one thousand nine hundred and thirty), on 1,469 sacks of oats, hence to New Orleans—$96 50. $220 (two hundred and twenty dollars), on 22 kegs of butter, hence to New Orleans—$4 40.  All per flat-boat 'Sea,' in charge of Walter & Meyers, pilots.  Loss, if any, payable to Graham & Buckingham, of New Orleans."  Whereby the defendants became insurers to the plaintiffs, in said several sums, on said property, and for said voyage.  The petition then avers the shipment of the property; its loss within the terms of the policy, to an amount greater than the sum insured; that the plaintiffs had an interest in the same at the time of said insurance, and at the time of said loss, equal to and greater than the sum insured; that due proof of said loss and interest was made and furnished defendants, agreeably

to the requisitions of the policy, and payment thereof demanded and refused; and the plaintiffs have, in all respects, complied with the conditions of the policy, on their part.

*Tilden, Rairden & Curwen* for plaintiffs.

*Bates & Scarborough* for defendants.

SPENCER, J. To the petition the defendants have filed a general demurrer, the ground of which is, that *John Bond*, and not the plaintiffs, is the party insured by the terms of the policy, and the petition does not aver any *interest* in him, in the subject of the insurance, at any time; but, on the contrary, claims for a loss or damage to the interest of the plaintiffs.

If John Bond be *in fact* the party insured by the contract, the objection is fatal. For it is essential to a recovery upon a policy of insurance that the party insured should have an interest in the property, both at the time when the insurance is made and at the time when the loss happens. The interest, indeed, need not be *personal*, it may be as *agent* or *trustee*, but it must exist in some form or other. *Goodall* v. *N. E. F. Ins. Co.*, 5 Foster, 185.

A policy of insurance, like any other written contract, must be construed by its *own terms.* Where these are clear, they can not be varied by proof or explained by *averment* in *pleading.* But when its terms are not clear, extrinsic evidence consistent therewith, may be received to explain it.

It will be observed that this policy is a continuing one—made to embrace new and independent risks as may, from time to time, be agreed upon and indorsed upon the policy. Every indorsement, when made, becomes incorporated into the original contract, and must be taken in connection with it as *one whole,* each indorsement forming, with the original, an independent contract. Here the original, or general contract, purports to insure *John Bond* personally, not as *agent* or *trustee,* not " for whom it may concern," but *individually,*

17

and all subsequent risks taken and indorsed upon the policy will be presumed to have been taken and made with reference to the same *interest,* unless otherwise expressed. It is clear that, if the indorsement under consideration had not contained the words "loss, if any, payable to Graham & Buckingham, of New Orleans," but had simply expressed the risk taken, it would not have shown an intention to cover any other interest in the property than that of *John Bond;* and any averment or proof of another and different interest, would contradict the terms of the policy, and should, therefore, be rejected. The question then arises, what is the purpose and effect of the phrase, "loss, if any, payable to Graham & Buckingham." Where, by the terms of the policy, the party insured is *clearly indicated,* or it appears that the insurance is effected for a person or persons unknown, the words "loss, if any, payable to A. B.," have uniformly been held *not* to point out A. B. as the *owner* of the property for whom the insurance is made, but simply to indicate that A. B. is appointed *agent* to receive payment of the loss for the party insured, and to whom payment may be made accordingly. *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72-82; *Farrow* v. *Comm. Ins. Co.,* 18 Pick. 55; *Hurlbert et al.* v. *Pacific Ins. Co.,* 2 Sumner, 479; 20 Pick. 259; 2 Duer, sec. 31, note. And in such cases it has been held, that A. B. could not maintain an action on the policy in his own name. *Ketchum* v. *Protec. Ins. Co.,* 1 Allen (Canada) 179. Because it is said he is no party to the contract. But where, by the terms of the policy, no one is named as the party insured, and it contains the clause, "loss, if any, payable to the *bearer,*" it seems that whoever may be *holder* at the time of loss, may recover on proving an *interest* in the property. 2 Duer, sec. 31. And so I apprehend, if, in a like case, the loss, instead of being payable to *bearer,* had been made payable to A. B., A. B. might recover on proving an interest in the property; because, in such case, the averment and proof are consistent with the policy. And perhaps, for the same reason, it may be, as

claimed by the plaintiffs' counsel, that when an insurance is made in the name of A. B., loss, if any, payable to the " *owner*," or " *to whom it may concern*," it may be averred and proven, that the insurance was effected for *some other* than A. B.

Such proof is not necessarily *inconsistent* with the policy, for the phrase, " loss, payable to the owner," or "*whom it may concern*," implies that A. B. may not be concerned as an *owner*; and if not *owner*, the parties must be presumed to have had in contemplation some *other* person. Not so, however, where the policy expressly contains the name of the party insured, without any indication of *other ownership*. The phrase, " loss, payable to A. B." (being a person other than the party named), does not purport to make him a party to the contract, nor to give him an interest therein, (except to secure the money), after it is broken. It clearly does not authorize him to release the obligation before a breach has occurred, nor to forfeit its benefits by any act of his. To aver such an interest, is to *deny* the interest of the party whom the policy professes to insure, and thereby contradicts its express provision.

If the averments contained in the petition be *true*, then either a mistake or fraud has been committed by the defendants, in not causing the indorsement to be made on the policy, in such form as to cause the insurance to be expressed to be for the benefit of the plaintiffs, and the plaintiffs, upon showing such mistake or fraud, will be entitled to have the agreement reformed, and properly enforced. But such is not the scope of the petition, nor the object of the suit. It is to enforce a written contract—not according to its terms, but according to a parol understanding of it, had between the parties at the time of entering into it—a thing which is wholly forbidden by the rules of law. The demurrer, therefore, must be sustained.

If the plaintiffs desire to amend, with a view to reform the contract, an amendment will be allowed. Otherwise, judgment for defendants will be rendered.

The plaintiffs having declined to amend, with the view to reform the policy, judgment was accordingly entered for the defendants.

Demurrer overruled, and judgment for defendants.